IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INT'L SHIPPING AGENCY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNION DE TRABAJADORES DE MUELLES LOCAL 1740, ET AL., <br><br> Defendants. | CIV. NO.: 12-1996(SCC) |

**MEMORANDUM AND ORDER**

In September, when it looked as though this case might settled, I stayed the proceedings at the parties' request. *See* Docket No. 73. When negotiations broke down, I lifted the stay and ordered the parties to file motions for summary judgment. *See* Docket No. 75. After the parties had complied, *see* Docket Nos. 79, 81, I also partially granted a motion by Defendants and allowed them a brief period to reopen discovery. *See* Docket No. 86. The purpose of that Order was to allow

Defendants to depose a single witness that had been previously notified but never deposed. *See* Docket No. 77.

Plaintiff has now filed a rather histrionic motion for reconsideration. *See* Docket No. 87. It's tone notwithstanding, in reviewing the motion I realized that after lifting the stay in this case, I failed to rule on some discovery matters that predated the stay. For that reason, neither my Order yesterday nor the parties' rights regarding the motions for summary judgment are entirely clear. As such, I will now rule on those pending matters, as well as the motion for reconsideration, in an attempt to put everyone on firm footing going forward.

The first dispute warranting extended discussion concerns the deposition of Hernán Ayala, which was also the subject of yesterday's Order. According to the Case Management Order, depositions of fact witnesses were set to conclude by August 18, 2014. Docket No. 53. On August 7, 2014, Defendant requested a forty-day extension of time to depose Ayala. *See* Docket No. 66. That motion was not ruled upon, and before the requested period could expire the case was stayed. Plaintiff opposed the requested extension, arguing that Defendants reasons for seeking it were untrue, but given that it was a brief and first request for an extension of time, I would have granted

it as a matter of course. And given that the motion was still pending when the stay was lifted, I should have granted a brief period to depose Ayala before requiring the filing of motions for summary judgment. As such, the motion to reconsider is DENIED with regard to the thirty-day extension of time to depose Ayala.

The second matter warranting discussion concerns Defendants' failure to respond to Plaintiff's requests for admission, and Plaintiff's related request that the Court deem the requests admitted. The requests were served via email on May 30, 2014, and an informative motion was filed to that effect on the same date. *See* Docket No. 58. A response was due by June 17, 2014, *see* Docket No. 53, but none was sent. On August 7, 2014, Plaintiff first noted this failure and asked that the requests be deemed admitted. *See* Docket No. 67. Defendants responded that the requests had not been properly served because they had not been served by mail. *See* Docket Nos. 68, 70-1. Defendants pointed in particular to Rule 5(b)(2)(E), which provides that service by electronic means is effective only where the person to be served has consented in writing to electronic service. As Plaintiff subsequently pointed out, however, *see*

Docket No. 71,[1] Defendants' counsel *had* consented to electronic service when he registered as an attorney in this district. Defendants also suggest—weakly[2]—that its counsel did not receive the requests by email, but the Court finds these claims, if Defendants' counsel is indeed making them, unbelievable. After all, the email to which the requests were sent was the same email to which the Court's docket notifications are sent, and Defendants' counsel has successfully responded to this Court's orders throughout the case. It is altogether possible that Defendants' counsel did not *see* the email, but such an oversight would not excuse his clients' noncompliance.

All that said, Defendants requested, before the case was stayed, a thirty day extension to respond to the requests for admission. *See* Docket No. 68, at 2. The requested term expired

---

1. *See also* United States Court for the District of Puerto Rico, Electronic Case Filing System Attorney Registration Form, http://www.prd.uscourts.gov/sites/default/files/documents/notices/PR_Registration_Form.pdf. (I note that the form's citation to the Federal Rules is outdated, but its import is clear.)

2. *See, e.g.*, Docket No. 68, at 2 ("[E]ven if sent by e-mail, the undersigned was not aware that they had been filed by e-mail because it is/was not the most adequate and proper way of providing due notice."); Docket No. 70-1, at 2 ("[T]he undersigned not only denies having been served by e-mail . . . .").

before the stay was entered, but I cannot tell from the parties' filings whether Defendants responded during that time. If they did, I will deny Plaintiff's request to deem the requests admitted; if they did not, I will grant the request. By close of business on December 5, 2014, Defendants shall inform the Court whether and when they answered the requests for admission.

In conclusion, discovery remains open as previously ordered for the sole purpose of conducting Ayala's deposition. Within two days of concluding Ayala's deposition, Defendants shall file a motion informing the Court whether—and why—a supplement to their motion for summary judgment is necessary. If the Court agrees, a *brief* supplement will be allowed. Plaintiff may, according to the same time frame, inform the Court whether it believes that this Order or the Ayala deposition make it necessary to supplement or supersede its own motion for summary judgment.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of December, 2014.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE